

# IN THE
# TENTH COURT OF APPEALS

## No. 10-19-00132-CR

SIMEON ZAMEKA FLOWERS,

Appellant

v.

THE STATE OF TEXAS,

Appellee

**From the 443rd District Court
Ellis County, Texas
Trial Court No. 42650CR**

## MEMORANDUM  OPINION

The jury convicted Simeon Flowers of the offense of aggravated sexual assault of an elderly person.  TEX. PENAL CODE ANN. § 22.021 (a) (2) (C) (West 2019).  The jury found the enhancement paragraphs to be true and assessed punishment at 60 years confinement.  We affirm.

**SUFFICIENCY OF THE EVIDENCE**

In the first issue, Flowers complains that the evidence is insufficient to support his conviction. The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> When addressing a challenge to the sufficiency of the evidence, we consider whether, after viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017). This standard requires the appellate court to defer "to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. We may not re-weigh the evidence or substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). The court conducting a sufficiency review must not engage in a "divide and conquer" strategy but must consider the cumulative force of all the evidence. *Villa*, 514 S.W.3d at 232. Although juries may not speculate about the meaning of facts or evidence, juries are permitted to draw any reasonable inferences from the facts so long as each inference is supported by the evidence presented at trial. *Cary v. State*, 507 S.W.3d 750, 757 (Tex. Crim. App. 2016) (*citing Jackson*, 443 U.S. at 319); *see also Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007). We presume that the factfinder resolved any conflicting inferences from the evidence in favor of the verdict, and we defer to that resolution. *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). This is because the jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Direct evidence and circumstantial evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015); *Hooper*, 214 S.W.3d at 13.

> We measure whether the evidence presented at trial was sufficient to support a conviction by comparing it to "the elements of the offense as

defined by the hypothetically correct jury charge for the case." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.; see also Daugherty v. State*, 387 S.W.3d 654, 665 (Tex. Crim. App. 2013). The "law as authorized by the indictment" includes the statutory elements of the offense and those elements as modified by the indictment. *Daugherty*, 387 S.W.3d at 665.

*Zuniga v. State*, 551 S.W.3d 729, 732-33 (Tex. Crim. App. 2018).

Flowers lived with his mother, and Griselda[1], who was 69 years-old, lived across the street from them. Flowers would visit with Griselda on occasion in her home. Griselda testified that in May 2017, Flowers brought her some fish to cook and that she ate the fish by herself after Flowers left her house. Griselda also smoked a cigarette that Flowers gave her. Griselda said that after smoking the cigarette, she began to feel dizzy and passed out. She said that when she came to, Flowers was in her home. Griselda had vomited on herself, and Flowers helped her change her clothes and get into bed. Griselda testified that Flowers then put his penis in her vagina. Griselda said that she tried to fight him off, but she was unable to do so. She passed out again, and when she woke up there was blood in her bed. Griselda went to the restroom, and when she wiped her vagina there was blood on the tissue. Griselda went back to bed and passed out again. When she came to, Flowers was knocking on her door.

---

[1] Griselda is the pseudonym used by the victim at trial. We will also refer to the victim by that name.

Griselda testified that she let Flowers in her house because he had taken her truck and she wanted her keys. Flowers had a friend with him, and they had a drink together. Griselda went back to sleep, and Flowers and his friend left. Griselda said that she called the police two weeks later because Flowers did not return her truck. She did not tell them about the sexual assault at that time because she was embarrassed. Griselda later spoke with a female detective, Elizabeth Glidewell, and told her about the sexual assault.

Detective Glidewell testified that Griselda was reluctant to talk about the offense because she was embarrassed. Griselda later called Detective Glidewell and said she had her sheets with blood on them as physical evidence of the assault. Detective Glidewell collected the sheets for DNA testing. The samples taken from the sheets contained semen that was 236 octillion times more likely coming from Flowers than from any other individual. There was a blood sample on the pillowcase that was identified as belonging to Flowers. There was another blood sample on the sheet that contained a mixture of blood. Griselda was identified as a contributor of that sample, and it was inconclusive as to whether Flowers was also a contributor.

Flowers testified at trial that he went to Griselda's house approximately three times a week and that he would take her food and talk with her. Flowers said that he spent the night with Griselda on occasion, and that he would lay in bed with her and massage her back. Flowers stated that their relationship was friendly at first, but eventually she began to masturbate him.

Flowers testified that on the day of the offense, at her request, he gave Griselda a "blunt" to smoke and the two of them smoked together. He left with his mother, and when he returned later that day, he found Griselda on the ground covered in vomit and urine. Flowers helped her change into a nightgown and then left. Flowers returned sometime later to check on Griselda, and she was in bed watching television. He stayed with her most of the day watching television.

Flowers stated that later in the evening his cousin came to Griselda's house. The three of them were drinking together, and Griselda asked Flowers to go to the store to get her a soda. Griselda gave Flowers her debit card and told him he could purchase cigarettes for himself. Flowers returned over an hour later and took his cousin home in Griselda's truck. Flowers admits that he did not timely return Griselda's truck to her. Flowers denied sexually assaulting Griselda.

A person commits the offense of aggravated sexual assault of an elderly person if the person intentionally or knowingly "causes the penetration of the anus or sexual organ of another person by any means, without that person's consent" and "the victim is an elderly individual or a disabled individual." TEX. PENAL CODE ANN. § 22.021 (a) (1) (a) & (2) (C) (West 2019). "Elderly individual" means a person 65 years of age or older. TEX. PENAL CODE ANN. § 22.04 (c) (2) (West 2019).

The record shows that Griselda was 69 years-old. Griselda testified that Flowers put his penis in her vagina without her consent. The sheets from her bed contained semen

that matched the DNA from Flowers and also blood from Griselda. Flowers testified that Griselda consensually masturbated him that would account for his semen being in her bed and that he had a wound Griselda treated that would account for his blood on her pillowcase. The jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). We find that the evidence is sufficient to support Flowers's conviction for aggravated sexual assault of an elderly person. We overrule Flowers's first issue on appeal.

## PRIOR CONVICTIONS

In the second issue, Flowers complains that the trial court erred in admitting evidence of two of his prior convictions contained in Exhibits 42 and 43. During the punishment phase of the trial, the State admitted an exhibit of Flowers's known fingerprints. The State then introduced Flowers's prior judgments and sentences in Exhibits 36 through 41. Investigator Todd Woodruff testified that Flowers's known fingerprints matched those in Exhibits 36 through 41. The State offered Flowers's prior judgments and sentences in Exhibits 42 and 43, but those exhibits did not contain an adequate fingerprint to compare to Flowers's known fingerprints. The trial court admitted Exhibits 42 and 43 over Flowers's objection.

In *Flowers v. State*, the Court of Criminal Appeals stated:

> To establish that a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt that (1) a prior conviction exists, and

(2) the defendant is linked to that conviction. No specific document or mode of proof is required to prove these two elements. There is no "best evidence" rule in Texas that requires that the fact of a prior conviction be proven with any document, much less any specific document. While evidence of a certified copy of a final judgment and sentence may be a preferred and convenient means, the State may prove both of these elements in a number of different ways, including (1) the defendant's admission or stipulation, (2) testimony by a person who was present when the person was convicted of the specified crime and can identify the defendant as that person, or (3) documentary proof (such as a judgment) that contains sufficient information to establish both the existence of a prior conviction and the defendant's identity as the person convicted.

*Flowers v. State*, 220 S.W.3d 919, 921-22 (Tex. Crim. App. 2007) (citations omitted).

Exhibit 42 contains a judgment and sentence for the offense of forgery. During the guilt-innocent portion of the trial, Flowers admitted to a prior conviction for forgery. Exhibit 43 contains a judgment and sentence for the offense of theft. Flowers also admitted to that theft during his testimony at trial. Investigator Woodruff testified that he verified the offenses in Exhibits 42 and 43 in Flowers's criminal history. We find that the State proved beyond a reasonable doubt that the prior convictions exist and that Flowers is linked to the convictions in Exhibits 42 and 43. Moreover, the Court admitted, without objection, judgments and sentences for Flowers in Exhibits 36 through 41. Flowers testified at trial and admitted to numerous prior convictions and entered a plea of true to the enhancement paragraphs. Any error in admitting Exhibits 42 and 43 did not affect Flowers's substantial rights. TEX. R. APP. P. 44.2 (b). We overrule Flowers's second issue on appeal.

## CONCLUSION

We affirm the trial court's judgment.

JOHN E. NEILL
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Neill
Affirmed
Opinion delivered and filed February 19, 2020
Do not publish
[CRPM]

